■ EDWARD HARRIS, et al., Appellants, v CITY OF NEW YORK, Respondent. [622 NYS2d 289] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Price, J.), dated March 31, 1993, as failed to unconditionally grant their motion to strike the defendant's answer and instead conditionally granted the same unless the defendant complied with certain of their discovery demands within 30 days, and granted those branches of the defendant's cross motion which were for a protective order striking the second, fourth, and fifth items of the plaintiffs' second notice of discovery and inspection as overbroad and burdensome.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff, a police officer employed by the defendant, City of New York, allegedly slipped and fell on a negligently discarded horse blanket in the parking lot of the precinct building where he worked. In their ensuing personal injury action, the plaintiffs sought the depositions of certain witnesses and the disclosure of numerous records, documents, and other materials. The items demanded by the plaintiffs included, *inter alia,* the time and leave, personnel, roll call, and disciplinary records of the precinct custodian as well as the roll call and work assignment records of all police officers at the precinct on and prior to the date of the accident. After one of the requested depositions was conducted and the defendant produced some of the records, the plaintiffs renewed their discovery demands and also broadened them to include additional depositions and documents. The defendant again

partially complied with the plaintiffs' discovery demands. Alleging that the defendant willfully failed to respond to their disclosure requests, the plaintiffs subsequently moved to strike the defendant's answer and for the entry of a default judgment in their favor or, alternatively, to compel the defendant to comply with all outstanding discovery and deposition demands. The defendant thereupon cross-moved for a protective order.

The Supreme Court granted the defendant's cross motion to the extent of striking three items of the plaintiffs' second notice for discovery and inspection as being overbroad and burdensome. The court further conditionally granted the plaintiffs' motion to the extent of directing the defendant to comply with the notices for discovery and inspection, as limited by the court, within 30 days. The plaintiffs now appeal, and we affirm.

It is well settled that the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith (see, CPLR 3126; *Lestingi v City of New York,* 209 AD2d 384; *Cruzatti v St. Mary's Hosp.,* 193 AD2d 579; *Ahroni v City of New York,* 175 AD2d 789). No such showing has been made in this case. Rather, the record supports the conclusion that the defendant made good faith efforts to comply with the plaintiffs' demands and had in fact complied with a substantial number of them. Accordingly, the court did not improvidently exercise its discretion in declining to strike the answer and in directing the defendant to comply with certain outstanding discovery demands.

Furthermore, we find unpersuasive the plaintiffs' contention that they should have been permitted to depose additional witnesses. The plaintiffs neither advised the court of the deposition requests in advance as required in the preliminary conference order, nor established the requisite factors to warrant the examination of the additional individuals (see, *Colicchio v City of New York,* 181 AD2d 528; *Ayala v City of New York,* 169 AD2d 530; cf., *Simon v Advance Equip. Co.,* 126 AD2d 632).

Finally, while the defendant's motion for a protective order was untimely (see, CPLR 3122), the Supreme Court nevertheless was entitled to determine whether the plaintiffs' disclosure demands were palpably improper (see, *Lestingi v City of New York, supra*). Given the overly broad and burdensome nature and the questionable relevance of the second, fourth,

and fifth items of the plaintiffs' second notice for discovery and inspection, the court properly struck those items (see, *De Paolo v Wisoff,* 94 AD2d 694; *Zambelis v Nicholas,* 92 AD2d 936). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.