■ GEORGE VOUTSINAS, JR., Respondent, v BYRON VOUTSINAS, Appellant. [843 NYS2d 130]—

In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 16, 2006, which granted the plaintiff's motion pursuant to CPLR 3126 to strike his answer

for failure to provide disclosure and denied, as academic, his motions, inter alia, to compel the plaintiff to provide discovery and set the matter down for an inquest on damages.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the defendant's motions.

While the Supreme Court properly determined that the defendant had not yet provided some of the mandated disclosure in this action, the drastic remedy of striking the defendant's answer was not warranted because there was no clear showing that his failure to do so was willful and contumacious (*see* CPLR 3126; *Gateway Tit. & Abstract, Inc. v Your Home Funding, Inc.*, 40 AD3d 919 [2007]; *Tine v Courtview Owners Corp.*, 40 AD3d 966 [2007]; *Torres v Lowinger*, 12 AD3d 363 [2004]). In light of our determination, the defendant's motions to compel further discovery are no longer academic. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a determination of the defendant's motions (*see Gomez v New York City Tr. Auth.*, 291 AD2d 431 [2002]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.