WALTER B. MELVIN, ARCHITECTS, LLC, Respondent, v 24 AQUEDUCT LANE CONDOMINIUM, Also Known as 24 AQUEDUCT LANE CONDOMINIUM ASSOCIATION, Appellant. [857 NYS2d 697]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered April 2, 2007, which granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike its answer, directed an inquest on the issue of damages, and directed the plaintiff to file a note of issue, and (2) an order of the same

court entered October 1, 2007, which denied its motion, denominated as one to vacate the prior order, but which was, in actuality, a motion for leave to reargue.

Ordered that the appeal from the order entered October 1, 2007, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered April 2, 2007, is reversed, on the law and in the exercise of discretion, and that branch of the plaintiff's motion which was to strike the defendant's answer is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The determination whether to strike a pleading lies within the sound discretion of the trial court (*see* CPLR 3126 [3]; *Byrne v City of New York*, 301 AD2d 489, 490 [2003]; *Cianciolo v Trism Specialized Carriers*, 274 AD2d 369, 370 [2000]; *Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438 [2000]; *Brown v United Christian Evangelistic Assn.*, 270 AD2d 378, 379 [2000]). However, the drastic remedy of striking an answer is not appropriate where there is no clear showing that the failure to comply with discovery demands was willful or contumacious (*see* CPLR 3126 [3]; *Harris v City of New York*, 211 AD2d 663, 664 [1995]). In this case, the defendant served a bill of particulars and a response to the plaintiff's notice for discovery and inspection as it was directed to do by court order. While the plaintiff was clearly dissatisfied with the responses to its demands, there was no showing of a pattern of willful failure to respond to discovery demands or comply with disclosure orders, so as to justify striking the defendant's answer. Under the circumstances, an order ruling on the propriety of the defendant's responses to the discovery demands, and affording the defendant an opportunity to cure any responses found to be deficient would have been more appropriate.

Moreover, we note that the plaintiff's motion was unsupported by an affirmation of a good faith effort to resolve the purported discovery dispute as required by 22 NYCRR 202.7 (a) (2) (*see Diel v Rosenfeld*, 12 AD3d 558 [2004]; *Dennis v City of New York*, 304 AD2d 611, 613 [2003]; *Fanelli v Fanelli*, 296 AD2d 373 [2002]). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to strike the answer, directing an inquest on damages, and directing the plaintiff to file a note of issue.

The parties' remaining contentions are without merit. Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.