■ ANTHONY CORRENTI, Appellant, v SUFFOLK COUNTY DISTRICT ATTORNEY et al., Respondents. [930 NYS2d 624]—

In 2007 the plaintiff pleaded guilty, among other things, to use of a child in a sexual performance (see Penal Law § 263.05) and possession of a sexual performance by a child (see Penal Law § 263.11). He did not appeal from the judgment of conviction. While incarcerated pursuant to the judgment of conviction, the plaintiff wrote several letters to the office of the Suffolk County District Attorney (hereinafter the DA), renewing earlier requests for the return of certain items of his personal property (hereinafter the subject chattel) which had been seized from his residence pursuant to a search warrant executed by the Suffolk County Police Department (hereinafter the Police Department) on January 18, 2001. When the DA's office did not respond to his requests, the plaintiff commenced this action against the DA and the Police Department (hereinafter together the defendants) pursuant to CPLR article 71, inter alia, to recover possession of the subject chattel.

The plaintiff moved to enjoin the defendants from disposing of the items sought. The defendants cross-moved for leave to destroy the items pursuant to CPLR 6330 and to dismiss the complaint. The defendants argued that the items sought were child pornography and, therefore, constituted contraband, the release of which was impermissible. The defendants also asserted that the items had sustained water damage and posed a potential health hazard to the Police Department employees

charged with maintaining the items. In the order appealed from, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. We reverse.

The Supreme Court erred in determining the motions without first conducting an in camera inspection to determine whether the items sought by the plaintiff are, in fact, contraband. The record reflects that some of the items at issue are CDs containing music files and some are personal letters, neither of which constitutes a "[p]erformance" for purposes of the child pornography laws (Penal Law § 263 [4]). Moreover, although the items have sustained water damage, the defendants expressly represented to the Supreme Court in their opposition papers that the items could be viewed and that they were willing to produce the items in court for an in camera inspection. Accordingly, we remit the matter to the Supreme Court, Suffolk County, to conduct an in camera inspection of the subject chattel and thereafter for a new determination of the motion and cross motion.

We decline the plaintiff's request that sanctions be imposed, inter alia, because the defendants mischaracterized the plaintiff's contentions in several instances. Contrary to the plaintiff's contention, the brief was not so completely without merit in law as to be frivolous (*see* Rules of Chief Administrator of Cts [22 NYCRR] § 130-1.1 [c] [1]). Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.