■ JPMORGAN CHASE BANK, N.A., Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Defendants, and DANIEL J. MOLONEY, Also Known as DANIEL J. MALONEY and Another, et al., Appellants. [990 NYS2d 577]—

In an action, inter alia, to recover possession of a motor vehicle, the defendants Daniel J. Moloney, also known as Daniel J. Maloney, also known as Dan Maloney, NYS Storage Corp., also known as NYS Storage, Inc., and Liffey Van Lines, Inc., appeal from an order of the Supreme Court, Putnam County (Nicolai, J.), dated December 20, 2012, which granted the plaintiff's motion pursuant to CPLR 3126 to strike their answer for failure to comply with discovery orders and, in effect, for leave to enter a default judgment against them, and to preclude the introduction of certain witnesses and documentary evidence at trial.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendants Daniel J. Moloney, also known as Daniel J. Maloney, also known as Dan Maloney, NYS Storage Corp., also known as NYS Storage, Inc., and Liffey Van Lines, Inc., in effect, for leave to enter a default judgment against them, and to preclude the introduction of certain witnesses and documentary evidence at trial is denied.

The determination whether to strike a pleading lies within the sound discretion of the trial court (*see* CPLR 3126 [3]; *Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium*, 51 AD3d 784, 785 [2008]; *Cianciolo v Trism Specialized Carriers*, 274 AD2d 369, 370 [2000]). However, the drastic remedy of striking an answer is not appropriate absent a clear showing that the failure to comply with discovery demands was willful or contumacious (*see* CPLR 3126 [3]; *Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium*, 51 AD3d at 785; *Harris v City of New York*, 211 AD2d 663, 664 [1995]). In this case, the plaintiff's evidence merely demonstrated that the appellants sought on multiple occasions to adjourn the second deposition of the appellant Daniel J. Moloney. With respect to the plaintiff's demand for certain documents, it failed to submit in

support of its motion either its demands or the appellants' allegedly inadequate response to them. This was insufficient to show a pattern of willful and contumacious failure to respond to discovery demands or comply with disclosure orders, so as to justify the relief granted by the Supreme Court. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to strike the answer, and, in effect, for leave to enter a default judgment against the appellants, and to preclude the presentation of certain witnesses and documentary evidence at trial.

The plaintiff's remaining contention is without merit. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.