■ DAVID HOLAND et al., Appellants, v SALVATORE CASCINO, Respondent. [996 NYS2d 135]—

In an action, inter alia, for an accounting and to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated February 10, 2014, which granted that branch of the defendant's motion which was pursuant to CPLR 3126 to dismiss the complaint and to strike the reply to counterclaims for failure to comply with discovery demands.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3126 to dismiss the complaint and to strike the reply to counterclaims for failure to comply with discovery demands is denied.

The determination whether to strike a pleading lies within the sound discretion of the trial court (*see* CPLR 3126 [3]; *JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs.*, 119 AD3d 903, 903-904 [2014]; *Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium*, 51 AD3d 784, 785 [2008]). However, the drastic remedy of striking a

pleading is not appropriate absent a clear showing that the failure to comply with discovery demands was willful or contumacious (*see* CPLR 3126 [3]; *JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs.*, 119 AD3d at 903; *Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium*, 51 AD3d at 785; *Harris v City of New York*, 211 AD2d 663, 664 [1995]).

In this case, the plaintiffs served a response to the defendant's notice for discovery and inspection, and answers to interrogatories, as they were directed to do by court order. Thereafter, they produced further documents, as set forth in a stipulation. While the defendant was clearly dissatisfied with the responses to his demands, there was no showing of a pattern of willful failure to respond to discovery demands or comply with disclosure orders, so as to justify dismissing the complaint and striking the reply to counterclaims (*see Matter of Blauman-Spindler v Blauman*, 68 AD3d 1105, 1107 [2009]; *Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium*, 51 AD3d at 785).

Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 3126 to dismiss the complaint and to strike the reply to counterclaims. Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.