■ DIANE DE LEO, Appellant, v STATE-WHITEHALL COMPANY et al., Respondents. [5 NYS3d 277]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), entered March 12, 2013, which granted those branches of the separate motions of the defendant Otis Elevator Company and the defendants State-Whitehall Company and Rudin Management Company, Inc., which were pursuant to CPLR 3126 to preclude her from offering any evidence at trial or to dismiss the complaint for her failure to comply with disclosure demands and preliminary and compliance conference orders.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and those branches of the separate motions of the defendant Otis Elevator Company and the defendants State-Whitehall Company and Rudin Management Company, Inc., which were pursuant to CPLR 3126 to preclude the plaintiff from offering any evidence at trial or to dismiss the complaint for her failure to comply with disclosure demands and preliminary and compliance conference orders are denied.

In a preliminary conference order dated February 2, 2012, the plaintiff was directed to appear for a deposition on May 1, 2012, with an independent medical examination to be held

within 45 days after the deposition. After several disputes over the scope of proper discovery, the Supreme Court, in a compliance conference order dated July 10, 2012, directed the plaintiff to serve and file a note of issue by December 14, 2012, and to serve additional authorizations for the release of her medical records. Pursuant to the compliance conference order, the plaintiff's deposition was rescheduled for August 15, 2012, at 10 a.m.

On August 15, 2012, the plaintiff's deposition did not commence until 11:48 a.m. Counsel for the defendant Otis Elevator Company (hereinafter Otis) and the plaintiff's counsel both stated on the record that the deposition was delayed because the location of the deposition had been changed. The deposition was concluded at 4:32 p.m. According to the plaintiff's counsel, the plaintiff "has an appointment . . . obviously, questioning is not finished, so we will reconvene at a time convenient for all parties."

The deposition was rescheduled for September 13, 2012, and then adjourned to October 16, 2012, on consent, because the plaintiff's counsel was unable to contact the plaintiff. In a letter dated October 15, 2012, counsel for Otis wrote to the plaintiff's counsel, and asserted that, on October 14, 2012, the deposition was adjourned until November 30, 2012, because the plaintiff was recovering from surgery for an ovarian cyst. Hurricane Sandy intervened in late October, 2012. On November 30, 2012, the plaintiff's counsel was unable to locate the plaintiff, so the deposition was adjourned until December 7, 2012, and then to January 7, 2013. However, the plaintiff complied with the other provisions of the compliance conference order by serving and filing a note of issue in December 2012.

Otis moved, and the defendants State-Whitehall Company and Rudin Management Company, Inc., together separately moved pursuant to CPLR 3126 to preclude the plaintiff from adducing evidence at trial or to dismiss the complaint. Otis asserted in its motion papers that it made the motion because the plaintiff filed a note of issue prematurely certifying that discovery was complete. Otis acknowledged that it received authorizations from the plaintiff to release her medical records, as well as responses to discovery demands first made by Otis in September 2012. However, Otis claimed that certain authorizations were still outstanding. In opposition, the plaintiff's counsel outlined certain disputes with the defendants over the scope of permissible discovery. The plaintiff's counsel further noted that the plaintiff's last known address

was in the Rockaways, which was devastated by Hurricane Sandy before the plaintiff could complete her deposition or appear for a medical examination, which was to be scheduled subsequent to the deposition. In reply, Otis argued that these motions could have been resolved had the plaintiff's counsel voluntarily withdrawn the allegedly premature note of issue. The Supreme Court granted those branches of the separate motions of Otis and the defendants State-Whitehall Company and Rudin Management Company, Inc., which were pursuant to CPLR 3126 to preclude the plaintiff from offering any evidence at trial or to dismiss the complaint, concluding that the plaintiff, by failing to appear to complete her deposition, "has provided no excuse to warrant such flagrant disregard for court orders."

"Before a court invokes the drastic remedy of striking a pleading . . . , there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (*Harris v City of New York*, 117 AD3d 790, 790 [2014]; *see JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs.*, 119 AD3d 903 [2014]). Willful or contumacious conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders (*see Harris v City of New York*, 117 AD3d at 791). However, multiple adjournments of a party's deposition are generally not grounds for dismissal (*see JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs.*, 119 AD3d 903 [2014]). In this case, excuses appear on the record for the plaintiff's lateness in appearing for a deposition on August 15, 2012, and for the subsequent adjournments of the continuation of her deposition. The defendants did not move for relief pursuant to CPLR 3126 until the plaintiff filed a note of issue—which she was required to do pursuant to the compliance conference order dated July 10, 2012. No pattern of willful failure to respond to discovery demands or comply with disclosure orders was demonstrated (*see Holand v Cascino*, 122 AD3d 575 [2014]).

In view of the foregoing, the Supreme Court improvidently exercised its discretion in granting those branches of the separate motions of the defendants which were to preclude the plaintiff from offering any evidence at trial or to dismiss the complaint. Accordingly, those branches of the separate motions of the defendants should have been denied. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.