■ Paul Krause et al., Plaintiffs, v Frank M. Lobacz, Defendant. (Action No. 1.) Frank M. Lobacz et al., Appellants, v Paul Krause et al., Respondents. (Action No. 2.) [16 NYS3d 601]—

In two related actions, inter alia, to recover damages for intentional infliction of emotional distress and prima facie tort, which were joined for trial, the plaintiffs in action No. 2 appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), entered March 25, 2014, which granted that branch of the motion of the defendants in action No. 2 which was, in effect, pursuant to CPLR 3126 to dismiss the complaint in that action for failure to comply with discovery demands.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the motion of the defendants in action No. 2 to dismiss the complaint in that action is denied.

In August 2007, the plaintiffs in action No. 2 commenced that action against the defendants Paul Krause, Paul Krause, Jr., Brett Krause, and Kevin Krause (hereinafter collectively the Krause defendants), to recover damages for intentional infliction of emotional distress, prima facie tort, and personal injuries. After issue was joined in that action, action No. 2 was joined for trial with action No. 1, an action commenced earlier by one of the Krause defendants and others against one of the plaintiffs in action No. 2.

The Krause defendants moved to dismiss the complaint in action No. 2 pursuant to CPLR 3216 for failure to prosecute or, in effect, pursuant to CPLR 3126 for failure to respond to discovery demands. The Supreme Court granted that branch of the motion which was, in effect, pursuant to CPLR 3126 to dismiss the complaint in action No. 2 for the plaintiffs' failure to appear for depositions.

The nature and degree of a penalty to be imposed on a mo-

tion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (*see Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d 976, 977 [2014]; *Harris v City of New York*, 117 AD3d 790, 790 [2014]; *Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1081 [2009]). However, "[t]he striking of a party's pleading is a drastic remedy only warranted where there has been a clear showing that the failure to comply with discovery demands was willful and contumacious" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *see Facey v Silver Express Cab Corp.*, 87 AD3d 1053, 1053 [2011]; *see also Patel v DeLeon*, 43 AD3d 432, 432-433 [2007]). Further, "[p]ublic policy strongly favors the resolution of actions on the merits whenever possible" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210).

Here, the Krause defendants, in support of their motion, simply submitted a copy of the pleadings. They did not submit any copies of demands for discovery, notices of depositions, discovery scheduling orders, correspondence demonstrating that depositions had been scheduled, or any correspondence showing a good faith effort to conduct the depositions on their part (*see* 22 NYCRR 202.7). This was insufficient to show a pattern of a willful and contumacious failure to respond to discovery demands or comply with disclosure, so as to justify the Supreme Court striking the complaint in action No. 2 (*see De Leo v State-Whitehall Co.*, 126 AD3d 750 [2015]; *Holand v Cascino*, 122 AD3d 575, 576 [2014]; *JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs.*, 119 AD3d 903, 903-904 [2014]). Although one of the plaintiffs in action No. 2 was incarcerated commencing November 2010, there was no showing by the Krause defendants that he was unwilling to appear for a deposition. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the Krause defendants' motion which was, in effect, pursuant to CPLR 3126 to dismiss the complaint in action No. 2.

Since that branch of the Krause defendants' motion which was to dismiss the complaint pursuant to CPLR 3216 was argued before the Supreme Court and has been briefed by the parties on appeal, we address it in the interest of judicial economy (*see Nolan v Irwin Contr., Inc.*, 121 AD3d 1060, 1062 [2014]). We find that there is no merit to this branch of the motion. The Supreme Court was without power to dismiss the complaint on the ground of failure to prosecute because there is no evidence in the record that the Krause defendants ever served a written 90-day demand on the plaintiffs to serve and file a note of issue (*see* CPLR 3216 [b]; *Chase v Scavuzzo*, 87

NY2d 228, 233 [1995]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009]; *Kesar v Green Ridge Enters. Corp.*, 30 AD3d 471, 471 [2006]; *Fernandez v Minsky*, 242 AD2d 665, 666 [1997]). Balkin, J.P., Austin, Miller and Maltese, JJ., concur.