■ SUSAN COHEN-KIECK, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants, et al., Defendant. [28 NYS3d 446]—

In an action to recover damages for personal injuries, the defendants Metropolitan Transportation Authority and Alexsandr Skobolev appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered April 7, 2014, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against Alexsandr Skobolev and for summary judgment dismissing the complaint insofar as asserted against the Metropolitan Transportation Authority, and granted that branch of the plaintiff's cross motion which was for leave to amend the complaint and caption to add the MTA Bus Company as a defendant.

Ordered that the appeal from so much of the order as granted that branch of the plaintiff's cross motion which was for leave to amend the complaint and caption to add the MTA Bus Company as a defendant is dismissed, without costs or disbursements, as the defendants Metropolitan Transportation Authority and Alexsandr Skobolev are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff alleges that she was injured on March 7, 2012 when she exited from the rear door of a Q60 bus at the bus stop for the Queens Center Mall due to the bus operator's failure to lower the bus into a "kneeling" position. In September 2012, the plaintiff commenced this action against the New York City Transit Authority (hereinafter the NYCTA), the Metropolitan Transit Authority (hereinafter the MTA), and the operator of the bus, Alexsandr Skobolev (hereinafter collectively the defendants). In July 2013, the defendants moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against Skobolev and for summary judgment dismissing the complaint insofar as asserted against the

NYCTA and the MTA. The plaintiff cross-moved, inter alia, for leave to amend the complaint and caption to add the MTA Bus Company as a defendant. As is relevant to this appeal, in an order entered April 7, 2014, the Supreme Court denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against Skobolev and for summary judgment dismissing the complaint insofar as asserted against the MTA, and granted that branch of the plaintiff's cross motion which was for leave to amend the complaint and caption to add the MTA Bus Company as a defendant. The MTA and Skobolev appeal from those portions of the order.

In support of their motion, the defendants submitted, inter alia, the affirmation of their counsel, who affirmed that the subject bus was not owned by the MTA. However, the defendants also submitted copies of a certificate of title and a vehicle registration card for the subject bus, each of which listed the owners as "Metro Trans Auth" and "MTA Bus Company." Under the circumstances presented here, the defendants failed to establish the MTA's prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it, because they failed to eliminate triable issues of fact as to whether the MTA owned, operated, maintained, or controlled the subject bus (see e.g. *Castillo v Silvercrest*, 134 AD3d 977 [2015]; *Lopez v Cobra Logistics, Inc.*, 130 AD3d 880, 880-881 [2015]; *Reydman v Paradise II Resorts, Inc.*, 123 AD3d 789, 789-790 [2014]; cf. *Fridman v New York City Tr. Auth.*, 131 AD3d 1202, 1203 [2015]). Failure to make such a showing requires denial of that branch of the defendants' motion, regardless of the sufficiency of the opposing papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court also properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against Skobolev, made on the ground that the plaintiff allegedly failed to comply with Public Authorities Law § 1276 (1).

To the extent that the MTA and Skobolev purport to raise arguments on behalf of the MTA Bus Company, no notice of appeal was filed by the MTA Bus Company, and the MTA and Skobolev are not aggrieved by so much of the order as granted that branch of the plaintiff's cross motion which was for leave to amend the complaint and caption to add the MTA Bus Company as a defendant. Therefore, any arguments regarding that branch of the plaintiff's cross motion have not been

considered (*see Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 20 AD3d 439, 440 [2005]).

Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against Skobolev and for summary judgment dismissing the complaint insofar as asserted against the MTA. Leventhal, J.P., Dickerson, Duffy and Austin, JJ., concur.