■ Mohammed Wasay, Petitioner/Counterclaim Defendant-Appellant, v Anwar Alvi, Respondent/Counterclaim Plaintiff-Respondent, et al., Defendants. (And Another Title.) [50 NYS3d 153]—

In a hybrid action, inter alia, to recover damages for breach of fiduciary duty and waste of corporate assets, and proceeding pursuant to Business Corporation Law § 1104 for the judicial dissolution of two corporations, the plaintiff/petitioner/ counterclaim defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered December 11, 2014, as denied those branches of his motion which were pursuant to CPLR 3211 (a) (5) to dismiss the defendant/respondent/ counterclaim plaintiff's first, second, fourth, fifth, and seventh counterclaims as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff/petitioner/counterclaim defendant (hereinafter the plaintiff) commenced this hybrid action, inter alia, to recover damages for breach of fiduciary duty and waste of corporate assets, and proceeding pursuant to Business Corporation Law § 1104 for the judicial dissolution of two corporations he allegedly owns jointly with the defendant/respondent/ counterclaim plaintiff (hereinafter the defendant). The defendant asserted counterclaims based on his alleged status as a shareholder of a third corporation, Sparklean Laundry, Inc. (hereinafter Sparklean), seeking, inter alia, a judgment declaring that he is a 50% shareholder of Sparklean, an accounting, and damages for breach of contract, breach of fiduciary duty, and waste of corporate assets. The plaintiff moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss those five counterclaims as time-barred. The Supreme Court denied those branches of his motion.

The applicable six-year statute of limitations did not begin to run until the defendant received definitive notice that the plaintiff did not believe that the defendant had an interest in Sparklean (*see Zwarycz v Marnia Constr., Inc.*, 102 AD3d 774, 776 [2013]; *Morris v Gianelli*, 71 AD3d 965, 967 [2010]). The plaintiff failed to establish that he directly and definitively repudiated the defendant's alleged ownership interest in Sparklean prior to January 2013. Thus, the Supreme Court properly denied those branches of the plaintiff's motion which were pursuant to CPLR 3211 (a) (5) to dismiss the five subject counterclaims as time-barred (*see* CPLR 213 [1]; *Zwarycz v Marnia Constr., Inc.*, 102 AD3d at 776; *Morris v Gianelli*, 71 AD3d at 967).

To the extent that the plaintiff's brief purports to raise argu-

ments on behalf of Sparklean and Kleen Wash, Inc., it has not been considered, as no notice of appeal was filed by those parties (*see Cohen-Kieck v Metropolitan Transp. Auth.*, 137 AD3d 1193, 1194-1195 [2016]). Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.