■ WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR4, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-AR4, Respondent, v JOSE TORAL, Appellant, et al., Defendants. [58 NYS3d 113]—In an action to foreclose a mortgage, the defendant Jose Toral appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated October 1, 2014, as, in effect, denied that branch of his motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

In May 2013, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Jose Toral (hereinafter the defendant). Thereafter, the defendant moved, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, pursuant to CPLR 3012 (d) to extend his time to answer the complaint. In the order appealed from, the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3012 (d) to extend his time to answer the complaint, and, in effect, denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Contrary to the plaintiff's contention, the defendant is aggrieved by the portion of the order from which he appeals. Although the Supreme Court granted the defendant the alternative relief he requested in his motion of extending his time to answer the complaint, the greater relief the defendant clearly sought was dismissal of the complaint, and the denial of so much of his motion as was for dismissal involved a substantial right of the defendant (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]; *Scharlack v Richmond Mem. Hosp.*, 127 AD2d 580, 581 [1987]).

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Contrary to the defendant's contention, under the circumstances of this case, service of the summons and complaint upon the defendant was adequately established (*see* CPLR 306, 308 [2]).

The plaintiff's remaining contentions raised in Point III of his brief either are without merit or are not properly before this Court. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.