Halvatzis v Jamaica Hosp. Med. Ctr. (2018 NY Slip Op 05022)





Halvatzis v Jamaica Hosp. Med. Ctr.


2018 NY Slip Op 05022


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-04846
 (Index No. 7605/14)

[*1]Eileen Halvatzis, appellant-respondent, 
v
Jamaica Hospital Medical Center, respondent-appellant.


Leavitt & Kerson, Forest Hills, NY (Paul E. Kerson of counsel), for appellant-respondent.
Martin Clearwater & Bell, LLP, New York, NY (Barbara D. Goldberg, Gregory B. Reilly, and Adam G. Guttell of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for discrimination in employment on the basis of age and disability in violation of Executive Law § 296, the plaintiff appeals and the defendant cross-appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated March 28, 2016. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability or, in the alternative, to strike the defendant's answer for failure to comply with discovery demands. The order, insofar as cross-appealed from, in effect, denied that branch of the defendant's motion which was for an award of costs and attorney's fees.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff was employed as a part-time pharmacist at Jamaica Hospital Medical Center (hereinafter JHMC) from August 2001 until she was terminated from her position in May 2014. The plaintiff commenced this action, alleging that JHMC discriminated against her on the basis of her age and disability in violation of Executive Law § 296. The plaintiff sought damages and reinstatement to her former position. In December 2015, JHMC moved for summary judgment dismissing the complaint and for an award of costs and attorney's fees. The plaintiff opposed JHMC's motion and cross-moved for summary judgment on the issue of liability or, in the alternative, to strike JHMC's answer for failure to comply with discovery demands. In an order dated March 28, 2016, the Supreme Court, inter alia, granted that branch of JHMC's motion which was for summary judgment dismissing the complaint, in effect, denied that branch of JHMC's motion which was for an award of costs and attorney's fees, and denied the plaintiff's cross motion. The plaintiff appeals and JHMC cross-appeals from stated portions of the order.
We agree with the Supreme Court's determination granting that branch of JHMC's motion which was for summary judgment dismissing the complaint and denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. JHMC established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff could not perform the essential functions of the position of a pharmacist (see Evans v City of New York, 64 AD3d 468; McCarthy v St. Francis Hosp., 41 AD3d 794; Timashpolsky v State Univ. of N.Y. Health Science Ctr. at Brooklyn, 306 AD2d 271, 273) and by showing legitimate, independent, and nondiscriminatory reasons for its employment decision (see Tibbetts v Pelham [*2]Union Free Sch. Dist., 143 AD3d 806, 807-808; Kulaya v Dunbar Armored, Inc., 110 AD3d 772, 772-773; Thide v New York State Dept. of Transp., 27 AD3d 452, 453; Scardace v Mid Is. Hosp., Inc., 21 AD3d 363). In opposition, the plaintiff failed to raise a triable issue of fact as to whether she could perform her duties in a reasonable manner with reasonable accommodation or that the reasons stated for her discharge were pretextual (see Timashpolsky v State Univ. of N.Y. Health Science Ctr. at Brooklyn, 306 AD2d at 273).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was to strike JHMC's answer for failure to comply with discovery demands. "[T]he drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (Jenkins v Proto Prop. Servs., LLC, 54 AD3d 726, 726-727 [internal quotation marks omitted]; see Laskin v Friedman, 90 AD3d 617, 617-618; Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium, 51 AD3d 784; Voutsinas v Voutsinas, 43 AD3d 1156, 1157). Here, the plaintiff failed to demonstrate that JHMC's actions in failing to produce a certain witness for a deposition and in failing to respond to the plaintiff's discovery demands was the product of willful, contumacious, or bad faith conduct (see Laskin v Friedman, 90 AD3d at 617-618; Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium, 51 AD3d 784; Voutsinas v Voutsinas, 43 AD3d at 1157; Esteva v Catsimatidis, 4 AD3d 210, 211).
The Supreme Court providently exercised its discretion in, in effect, denying that branch of JHMC's motion which was for an award of costs and attorney's fees (see 22 NYCRR 130-1.1[c]; Gelobter v Fox, 90 AD3d 829, 832; Correnti v Suffolk County Dist. Attorney, 88 AD3d 633, 634).
The plaintiff's remaining contention is without merit.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court