Mehdizadeh v Mehbisar, Inc. (2019 NY Slip Op 04687)





Mehdizadeh v Mehbisar, Inc.


2019 NY Slip Op 04687


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-04156
 (Index No. 601302/14)

[*1]Moussa Mehdizadeh, respondent,
v
Mehbisar, Inc., etc., appellant.


Lynn Gartner Dunne, LLP, Mineola, NY (Kenneth L. Gartner and Stephen Livingston of counsel; Joseph Covello, former of counsel), for appellant.
Law Offices of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig and Peter Chatzinoff of counsel), for respondent.



DECISION & ORDER
In an action for an accounting, the defendant appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered March 9, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought an accounting as of March 24, 2008.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 24, 2014, the plaintiff commenced this action against the defendant, Mehbisar, Inc., for an accounting. The complaint alleged, inter alia, that the plaintiff has owned shares of the defendant since its incorporation in 1985. The defendant moved for summary judgment dismissing the complaint as time-barred or, in the alternative, for summary judgment dismissing so much of the complaint as sought an accounting for the period which was more than six years prior to the commencement of the action.
The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought an accounting for the period prior to March 24, 2008, but denied that branch of the motion which was for summary judgment dismissing so much of the complaint as sought an accounting as of March 24, 2008. The defendant appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing so much of the complaint as sought an accounting as of March 24, 2008.
The plaintiff's contention that the defendant is not aggrieved by the order appealed from is without merit (see RCI Plumbing Corp. v Turner Towers Tenant Corp., 152 AD3d 723, 723; Wells Fargo Bank, N.A. v Toral, 151 AD3d 1115, 1116; Scharlack v Richmond Mem. Hosp., 127 AD2d 580, 581; cf. Alberi v Rossi, 117 AD2d 574).
On a motion to dismiss a complaint as time-barred, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d 750, 751; Sears, Roebuck & Co. v Patchogue Assoc., LLC, 87 AD3d 629, 630). To meet its burden, a defendant must establish when the cause of action [*2]accrued (see Barry v Cadman Towers, Inc., 136 AD3d 951, 952; Gould v Decolator, 121 AD3d 845, 847). Here, the applicable six-year statute of limitations did not begin to run until the plaintiff received direct, definitive notice repudiating his alleged interest in the defendant (see Wasay v Alvi, 148 AD3d 1089, 1090; Zwarycz v Marnia Constr., Inc., 102 AD3d 774, 776). The defendant failed to establish, prima facie, that it directly and definitively repudiated the plaintiff's alleged interest prior to March 24, 2008—six years before the commencement of this action (see Wasay v Alvi, 148 AD3d at 1090; Zwarycz v Marnia Constr., Inc., 102 AD3d at 776).
Accordingly, we agree with the Supreme Court's determination to limit dismissal of the complaint to so much of the complaint as sought an accounting for that period which was more than six years prior to the commencement of the action.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court