Rector v City of New York (2019 NY Slip Op 05576)





Rector v City of New York


2019 NY Slip Op 05576


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-12572
 (Index No. 13844/08)

[*1]James Rector, appellant, 
v
City of New York, defendant, New York City Housing Authority, respondent.


Borchert & LaSpina, P.C., Whitestone, NY (Gregory M. LaSpina of counsel), for appellant.
Leahey & Johnson, P.C. (Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY [Patrick J. Lawless], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 5, 2017. The order denied the plaintiff's motion pursuant to CPLR 3104(d) to review and vacate so much of an order of the same court (Martin Schneier, J.H.O.), dated May 22, 2017, as denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer of the defendant New York City Housing Authority.
ORDERED that the order dated October 5, 2017, is affirmed, with costs.
The plaintiff, a former New York City Police Department sergeant, was injured in a shooting that occurred on October 26, 2006, on a public sidewalk in the vicinity of a building operated by the defendant New York City Housing Authority (hereinafter NYCHA). In 2008, the plaintiff commenced this action, alleging, inter alia, that NYCHA was negligent in failing to provide adequate lighting and security in the area.
In 2017, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike NYCHA's answer. By order dated May 22, 2017, the Supreme Court denied that branch of the plaintiff's motion, and the plaintiff moved pursuant to CPLR 3104(d) to review and vacate that portion of the order. In the order appealed from, dated October 5, 2017, the Supreme Court denied that motion.
Contrary to NYCHA's contention, the plaintiff is aggrieved by the order appealed from. The plaintiff is aggrieved by the Supreme Court's denial of his motion to review and vacate so much of the prior order as denied that branch of his motion which was to strike NYCHA's answer (see CPLR 5511; Wells Fargo Bank, N.A. v Toral, 151 AD3d 1115, 1116; Sharlack v Richmond Mem. Hosp., 127 AD2d 580, 581).
We agree with the Supreme Court's denial of the plaintiff's motion to review and vacate so much of the prior order as denied that branch of his motion which was to strike NYCHA's [*2]answer. "Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative remedy of precluding evidence should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Cap Rents Supply, LLC v Durante, 167 AD3d 700, 702; see Nunez v Laidlaw, 150 AD3d 1124, 1126; Harris v City of New York, 117 AD3d 790; Almonte v Pichardo, 105 AD3d 687, 688). Under the circumstances presented here, the plaintiff did not show that the actions of NYCHA in allegedly delaying its production of a witness for a deposition, and in its allegedly inadequate responses to a demand for discovery and inspection, constituted willful and contumacious or bad faith conduct that would warrant the drastic remedy of striking its answer. The plaintiff neglected this action for almost four years, until June 2014 when he filed a bill of particulars just prior to the preliminary conference date. The plaintiff also failed to comply with two court orders that directed the parties to appear for depositions, prior to finally appearing for his deposition in January 2016. Moreover, when NYCHA requested an adjournment of the deposition that was to be held on or before February 23, 2017, pursuant to the court's fourth discovery order dated January 24, 2017, the plaintiff denied the request and instead made the motion to strike NYCHA's answer. Further, the plaintiff never moved to compel discovery prior to moving to strike the answer (see Halvatzis v Jamaica Hosp. Med. Ctr., 163 AD3d 532, 533-534; JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs., 119 AD3d 903, 903-904; Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium, 51 AD3d 784, 785; Voutsinas v Voutsinas, 43 AD3d 1156, 1157).
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court