Bryant v Boston Props., Inc.

2026 NY Slip Op 02242

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Wilbert Bryant, appellant,

v

Boston Properties, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2021-08747, (Index No. 513158/18)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Phillip Hom

Susan Quirk, JJ.

Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellant.

Cozen O'Connor, New York, NY (Meredith Renquin of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 22, 2021. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In June 2018, the plaintiff commenced this action against the defendants, Boston Properties, Inc. (hereinafter Boston Properties), and Turner Construction Company (hereinafter Turner) to recover damages for injuries he alleged he sustained while working at a commercial property owned by Boston Properties at which Turner was the general contractor. The plaintiff alleged, inter alia, violations of Labor Law §§ 200, 240, and 241(6).

In March 2020, the defendants moved pursuant to CPLR 3126 to dismiss the complaint due to the plaintiff's failure, among other things, to appear for his deposition and medical examination. In the alternative, the defendants moved to preclude the plaintiff from offering any testimony or evidence in support of his claims at trial and to compel the plaintiff to appear for his deposition and medical examination. In an order dated September 1, 2020, the Supreme Court directed the plaintiff, inter alia, to appear for a deposition on or before January 5, 2021, and to appear for a medical examination on or before March 5, 2021. The plaintiff failed to do so.

In April 2021, the defendants filed a second motion, among other things, pursuant to CPLR 3126 to dismiss the complaint due to the plaintiff's failure to appear for his deposition and medical examination. The plaintiff opposed the motion, contending that he could not appear for his deposition due to the defendants' allegedly deficient discovery responses. In an order dated May 17, 2021 (hereinafter the May 2021 order), the Supreme Court, inter alia, granted the defendants' motion to the extent of directing the plaintiff to appear for his deposition by June 30, 2021, "irrespective of whether or not all [discovery] responses have been provided by defendant." The May 2021 order also specified that the "[f]ailure of either party to comply shall result in appropriate sanctions pursuant to CPLR 3126." The plaintiff failed to appear for his deposition.

In October 2021, the defendants filed a third motion, among other things, pursuant [*2]to CPLR 3126 to dismiss the complaint due to the plaintiff's failure to appear for his deposition and medical examination. In opposition to the defendants' motion, the plaintiff's counsel submitted an affirmation in which she asserted that the plaintiff did not appear for his deposition prior to the May 2021 order because the defendants had failed to produce certain outstanding discovery. The plaintiff's counsel further affirmed that she had been unable to schedule the plaintiff's deposition following the May 2021 order because the plaintiff was incarcerated and the facility where he was being held had provided conflicting information regarding the procedure for scheduling a deposition in light of, inter alia, its COVID-19 protocols. In an order dated October 22, 2021, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.

"'Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" (Winters v City of New York, 234 AD3d 805, 807, quoting Morales v Zherka, 140 AD3d 836, 836-837). Pursuant to CPLR 3126(3), "[i]f any party . . . refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed . . . , the court may make such orders with regard to the failure or refusal as are just," including, inter alia, an order "dismissing the action." "'Before a court invokes the drastic remedy of striking a pleading . . . , there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious'" (De Leo v State-Whitehall Co., 126 AD3d 750, 752, quoting Harris v City of New York, 117 AD3d 790, 790; see JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs., 119 AD3d 903, 903). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time" (Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d 819, 820; see De Leo v State-Whitehall Co., 126 AD3d at 752). "'Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed'" (Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 652, quoting Lotardo v Lotardo, 31 AD3d 504, 505).

Here, the willful and contumacious character of the plaintiff's actions can be inferred from his repeated failures to appear for his deposition and medical examination over a period of more than two years, despite five court orders directing him to do so (see Williams v Suttle, 168 AD3d 792, 793-794; Stone v Zinoukhova, 119 AD3d 928, 929-930). Further, the plaintiff failed to offer a reasonable excuse for his failure to appear (see Williams v Suttle, 168 AD3d at 794; Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d 976, 977). His counsel's assertion that she struggled to schedule the plaintiff's deposition following the May 2021 order due to the plaintiff's incarceration and the COVID-19 protocols at the facility where he was being held does not constitute a reasonable excuse. The record reflects that the plaintiff had been incarcerated since January 2019. The plaintiff's counsel also failed to detail her purported efforts to schedule the plaintiff's deposition. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint (see Stone v Zinoukhova, 119 AD3d at 930; Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d at 977).

The plaintiff's remaining contention need not be addressed in light of our determination.

DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court