American Tr. Ins. Co. v Hackensack Surgery Ctr., LLC

2026 NY Slip Op 02235

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

American Transit Insurance Company, appellant,

v

Hackensack Surgery Center, LLC, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-13390, (Index No. 509703/22)

Betsy Barros, J.P.

Barry E. Warhit

Carl J. Landicino

Laurence L. Love, JJ.

Roman Kravchenko, Melville, NY, for appellant.

Larkin Farrell LLC, New York, NY (William Larkin of counsel), for respondent.

[*1]

DECISION & ORDER

In an action pursuant to Insurance Law § 5106(c) for a de novo determination of a claim for no-fault insurance benefits, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated November 6, 2024. The order granted the plaintiff's motion for leave to renew and reargue its opposition to that branch of the defendant's prior motion which was pursuant to CPLR 3126 to strike the complaint, which had been granted in an order of the same court dated August 11, 2023, and, upon renewal and reargument, vacated so much of the order dated August 11, 2023, as granted that branch of the defendant's prior motion, and thereupon, denied that branch of the defendant's prior motion.

ORDERED that the order dated November 6, 2024, is affirmed, with costs.

In April 2022, the plaintiff commenced this action pursuant to Insurance Law § 5106(c) for a de novo determination of the defendant's claim for no-fault insurance benefits. In June 2023, the defendant moved, inter alia, pursuant to CPLR 3126 to strike the complaint for the plaintiff's failure to comply with a prior order of the Supreme Court to produce an entire no-fault claims file. The plaintiff opposed the motion. In an order dated August 11, 2023 (hereinafter the August 2023 order), the court, among other things, granted that branch of the defendant's motion.

Thereafter, the plaintiff moved for leave to renew and reargue its opposition to that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the complaint and, upon renewal and reargument, to vacate the August 2023 order and to deny that branch of the defendant's prior motion. The defendant opposed the motion. In an order dated November 6, 2024, the Supreme Court granted the plaintiff's motion. The defendant appeals.

"The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Bernardis v Town of Islip, 95 AD3d 1050, 1050; see 101CO, LLC v Sand Land Corp., 189 AD3d 942), as is "[t]he determination whether to strike a pleading for failure to comply with court-ordered disclosure" (Fishbane v Chelsea Hall, LLC, 65 AD3d 1079, 1081; see Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 923), as well as the "nature and degree of the sanction to be imposed" (Roug Kang Wang v Chien-Tsang Lin, 94 AD3d 850, 852; see Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 814; Quinones v Long Is. Jewish Med. Ctr., 90 AD3d 632, 632). However "'[p]ublic policy strongly favors the resolution [*2]of actions on the merits whenever possible'" (Krause v Lobacz, 131 AD3d 1128, 1129, quoting Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210; see Negro v St. Charles Hosp. & Rehabilitation Ctr., 44 AD3d 727, 728), and "'[t]he striking of a party's pleading is a drastic remedy only warranted where there has been a clear showing that the failure to comply with discovery demands was willful and contumacious'" (Krause v Lobacz, 131 AD3d at 1129, quoting Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d at 210; see New York Timber, LLC v Seneca Cos., 133 AD3d 576, 577; Mangione v Jacobs, 121 AD3d 953, 954).

Here, the defendant failed to establish that the plaintiff's conduct was willful or contumacious (see Edwards v Freedom Church of Revelation, 230 AD3d 740, 742; Ferjuste v 437 BMW, LLC, 219 AD3d 1308, 1310; PAL Envtl. Servs., Inc. v LJC Dismantling Corp., 157 AD3d 808, 809-810; Singer v Riskin, 137 AD3d 999, 1001). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to reargue its opposition to that branch of the defendant's prior motion which was pursuant to CPLR 3126 to strike the complaint and, upon reargument, properly vacated so much of the August 2023 order as granted that branch of the defendant's prior motion and thereupon, denied that branch of the defendant's prior motion.

In light of our determination, we need not reach the defendant's remaining contention.

BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court