■ TED SINGER, Individually and as Assignee of Olin Realty Corp., et al., Respondents, v MARTIN RISKIN et al., Appellants, et al., Defendants. [27 NYS3d 209]—

In a consolidated action, inter alia, to recover damages for breach of contract, the defendants Martin Riskin, Grace Turkisher, also known as Grace Riskin, and Nel-Del Realty Associates, LLC, appeal from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated February 4, 2014, as (a), upon converting that branch of their motion which was pursuant to CPLR 3211 (a) (1) and (3) to dismiss the complaint insofar as asserted by the plaintiff Ted Singer, in his capacity as assignee of certain entities, into one for summary judgment dismissing the complaint insofar as asserted by that plaintiff, denied that branch of the motion, and (b) denied that branch of their motion which was pursuant to CPLR 3126 (3) to strike the complaint and for leave to enter a default judgment on their counterclaims against the plaintiff Ted Singer.

Ordered that the order is affirmed insofar as appealed from, with costs.

This consolidated action, among other things, to recover damages for breach of contract, involves allegations related to approximately 200 real estate transactions and 175 properties.

The plaintiff Ted Singer commenced this action in May 2001 in his individual capacity, and as the assignee of various corporations involved in these transactions. Singer alleges that he was the sole shareholder, officer, and director of these corporations, which he used as "nominee corporations" in connection with the purchase and sale of the subject properties.

The defendants Martin Riskin, Grace Turkisher, also known as Grace Riskin, and Nel-Del Realty Associates, LLC (hereinafter collectively the appellants), moved, inter alia, pursuant to CPLR 3211 (a) (1) and (3) to dismiss the complaint insofar as asserted by Singer, as assignee of 17 of these corporations: Winthrop Court Corp., 160 20th Street Realty Corp., FEL Realty Corp., 209-211 Realty Corp., El Bruto Corp., El Gordo Corp., Lunchbox, Inc., Winthrop Rogers, Inc., Sin Russ Corp., 295 Realty Corp., Loriel Realty Corp., Calories Realty Corp., Grandamarao Realty Corp., 65 Fifth Ave. B'klyn Corp., Dwar Realty Corp., Agotaras Realty Corp., and Regnis Realty Corp. (hereinafter collectively the Singer corporations). The appellants contended that the Singer corporations were dissolved before the commencement of this action and, therefore, Singer lacked the legal capacity to sue on their behalf. The appellants also moved pursuant CPLR 3126 (3) to strike the complaint and for leave to enter a default judgment on their counterclaims against Singer on the ground that he failed to comply with their discovery requests and with court-ordered disclosure.

In the order appealed from, the Supreme Court converted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (1) and (3) into a motion for summary judgment, and thereupon denied it. The court concluded that the appellants did not establish, prima facie, that this action did not relate to the winding up of the Singer corporations' affairs. The court also denied that branch of the appellants' motion which was pursuant to CPLR 3126 (3) to strike the complaint and for leave to enter a default judgment on their counterclaims against Singer, concluding that the appellants failed to demonstrate that Singer engaged in a willful or contumacious pattern of noncompliance with discovery requests or court-ordered disclosure so as to warrant such sanctions.

Turning first to the issue of capacity, although the appellants submitted evidence that the Singer corporations were dissolved before the commencement of this action, the Supreme Court properly determined that the appellants failed to establish, prima facie, that the action does not relate to the winding up of their corporate affairs (see Business Corporation Law §§ 1005 [a] [1], [2]; 1006 [a] [4]; [b]; *Tedesco v A.P. Green Indus., Inc.*, 8

NY3d 243, 247-248 [2007]; *Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 661 [2009]; *Gutman v Club Mediterranee Intl.*, 218 AD2d 640, 641 [1995]; *Matter of Rodgers v Logan*, 121 AD2d 250, 253 [1986]; *cf. Brooklyn Elec. Supply Co., Inc. v Jasne & Florio, LLP*, 84 AD3d 997, 997 [2011]). Since the appellants failed to establish, prima facie, their entitlement to judgment as a matter of law, this branch of their motion was properly denied without regard to the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Turning to the issue of disclosure, "[t]he determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court" (*Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1081 [2009]; *see Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 923 [2012]; *Giano v Ioannou*, 78 AD3d 768, 770 [2010]), as does the "nature and degree of the sanction to be imposed" (*Roug Kang Wang v Chien-Tsang Lin*, 94 AD3d 850, 852 [2012]; *see Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d 812, 814 [2012]; *Quinones v Long Is. Jewish Med. Ctr.*, 90 AD3d 632, 632 [2011]). However " '[p]ublic policy strongly favors the resolution of actions on the merits whenever possible' " (*Krause v Lobacz*, 131 AD3d 1128, 1129 [2015], quoting *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *see Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]), and " '[t]he striking of a party's pleading is a drastic remedy only warranted where there has been a clear showing that the failure to comply with discovery demands was willful and contumacious' " (*Krause v Lobacz*, 131 AD3d at 1129, quoting *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210; *see New York Timber, LLC v Seneca Cos.*, 133 AD3d 576, 577 [2015]; *Mangione v Jacobs*, 121 AD3d 953, 954 [2014]; *John Hancock Life Ins. Co. of N.Y. v Triangulo Real Estate Corp.*, 102 AD3d 656, 657 [2013]). The moving party bears the burden of making a "clear showing" that the failure to comply was willful and contumacious (*John Hancock Life Ins. Co. of N.Y. v Triangulo Real Estate Corp.*, 102 AD3d at 657; *see Zouev v City of New York*, 32 AD3d 850, 851 [2006]; *Mendez v City of New York*, 7 AD3d 766, 767 [2004]). Under the circumstances, the appellants did not make a clear showing that the delays in this case were willful and contumacious such that the drastic remedy of striking the complaint and awarding the appellants a default judgment on their counterclaim against Singer would be warranted. Mastro, J.P., Dillon, Miller and Barros, JJ., concur.