■ HUBERT HENRY, Appellant, v MOSES D. DATSON et al., Defendants, and KIRTI SOHAL, Respondent. [35 NYS3d 383]—

In an action to recover damages for dental malpractice and lack of informed consent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated October 2, 2015, as denied that branch of his motion which was pursuant to CPLR 3126 to strike the answer of the defendant Kirti Sohal for failing to appear for a deposition.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action in November 2013, and in January 2014, filed and served an amended summons and amended complaint alleging causes of action for dental malpractice and lack of informed consent. As relevant here, the defendant Kirti Sohal interposed an answer in March 2014. In June 2014, the Supreme Court issued a preliminary conference order setting forth a discovery schedule, including party depositions. In an order dated October 9, 2014, the court determined the plaintiff's motion and Sohal's cross motion to compel discovery and directed, inter alia, that the plaintiff serve a supplemental bill of particulars on or before November 3, 2014, that he be deposed on December 5, 2014, and that Sohal be deposed on January 7, 2015. In a compliance conference order dated January 7, 2015, entered on consent, the Supreme Court, inter alia, extended the time for the plaintiff's service of a supplemental bill of particulars and directed that Sohal be deposed on or before May 19, 2015. In an order dated July 16, 2015, the court, in determining the plaintiff's second motion to compel disclosure, extended the parties' time to comply with outstanding discovery demands, extended the plaintiff's time to file the note of issue, and directed that Sohal's deposition be held on September 16, 2015. On or about September 18, 2015, the plaintiff moved to extend the time to file the note of issue and pursuant to CPLR 3126 to strike Sohal's answer for failing to appear for the September 16, 2015, deposition. In an order dated October 2, 2015, the court granted that branch of the plaintiff's motion which was to extend the time to file the note of issue and denied that branch which was to strike Sohal's answer. The plaintiff appeals from so much of the order as denied that branch of his motion which was to strike Sohal's answer.

The trial court has " 'broad discretion to oversee the discovery process' " (*Maiorino v City of New York*, 39 AD3d 601, 601 [2007], quoting *Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]). "The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within

the sound discretion of the trial court" (*Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1081 [2009]; *see Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922 [2012]). As public policy strongly favors the resolution of actions on the merits whenever possible, the striking of a party's pleading is a drastic remedy which is warranted only where there has been a clear showing that the failure to comply with discovery is willful and contumacious (*see Singer v Riskin*, 137 AD3d 999, 1001 [2016]; *Stone v Zinoukhova*, 119 AD3d 928, 929 [2014]). Willful and contumacious conduct can be inferred from a party's repeated failure to respond to demands or to comply with discovery orders without a reasonable excuse (*see Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]).

Here, the plaintiff's evidence merely demonstrated that the Supreme Court, in several orders, extended the time for the parties' compliance with discovery and extended the time for the parties to conduct depositions. Thus, the extreme sanction of striking Sohal's answer was not warranted, as the evidence does not support an inference of willful and contumacious conduct (*see Singer v Riskin*, 137 AD3d at 1001; *Krause v Lobacz*, 131 AD3d 1128, 1129 [2015]; *De Leo v State-Whitehall Co.*, 126 AD3d 750, 752 [2015]; *Vaccaro v Weinstein*, 117 AD3d 1033 [2014]).

Sohal's remaining contention is without merit.

Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike Sohal's answer. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.