■ Sandra Mew, Appellant, v Francis D. Civitano et al., Respondents. [56 NYS3d 560]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an

order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered March 23, 2016, as denied that branch of her motion which was pursuant to CPLR 3126 to strike the defendants' answer.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court has broad discretion to oversee the discovery process (*see Henry v Datson*, 140 AD3d 1120, 1122 [2016]; *Maiorino v City of New York*, 39 AD3d 601 [2007]). The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the court (*see Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922 [2012]; *Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1081 [2009]). As public policy strongly favors the resolution of actions on the merits whenever possible, the striking of a party's pleading is a drastic remedy that is warranted only where there has been a clear showing that the failure to comply with discovery is willful and contumacious (*see Singer v Riskin*, 137 AD3d 999, 1001 [2016]; *Stone v Zinoukhova*, 119 AD3d 928, 929 [2014]; *A.F.C. Enters., Inc. v New York City School Constr. Auth.*, 33 AD3d 737 [2006]). Willful and contumacious conduct can be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time (*see Gutman v Cabrera*, 121 AD3d 1042, 1043 [2014]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *Orgel v Stewart Tit. Ins. Co.*, 91 AD3d at 923; *Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685, 686-687 [2011]).

Here, in support of that branch of her motion which was pursuant to CPLR 3126 to strike the defendants' answer, the plaintiff merely demonstrated that the parties entered into several so-ordered stipulations extending a stay of the action pending the completion of outstanding discovery and extending the time for the parties to conduct depositions. The defendants demonstrated that they already had complied with the so-ordered stipulations when the plaintiff made her motion (*see Palmieri v Piano Exch., Inc.*, 124 AD3d 611, 612 [2015]; *Delarosa v Besser Co.*, 86 AD3d 588, 589 [2011]; *Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]). Furthermore, the record does not support an inference that the defendants' conduct was willful and contumacious (*see Henry v Datson*, 140 AD3d at 1122; *De Leo v State-Whitehall Co.*, 126 AD3d 750, 752 [2015]; *JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs.*, 119 AD3d 903 [2014]). Accordingly, the Supreme Court

providently exercised its discretion in denying that branch of the plaintiff's motion which was to strike the defendants' answer. Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.