PAL Envtl. Servs., Inc. v LJC Dismantling Corp. (2018 NY Slip Op 00301)





PAL Envtl. Servs., Inc. v LJC Dismantling Corp.


2018 NY Slip Op 00301


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-11743
 (Index No. 28968/11)

[*1]PAL Environmental Services, Inc., respondent,
v
LJC Dismantling Corp., appellant.


Murray & Di Bella, LLP, New York, NY (Martin J. Murray and Nora Von Stange of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Dennis Pak of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Queens County (Grays, J.), entered September 15, 2015, which, upon so much of an order of the same court entered February 23, 2015, as granted that branch of the plaintiff's motion which was for leave to renew that branch of its prior motion which was pursuant to CPLR 3126(3) to strike the defendant's answer, which was denied by an order of the same court entered October 15, 2013, and, upon renewal, granted that branch of the plaintiff's motion which was to strike the defendant's answer, is in favor of the plaintiff and against it in the principal sum of $1,263,766.80.
ORDERED that the judgment is reversed, on the law, with costs, so much of the order entered February 23, 2015, as, upon renewal, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126(3) to strike the defendant's answer is vacated, and, upon renewal, that branch of the plaintiff's motion is denied.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. After issue was joined, the defendant failed to provide discovery pursuant to a preliminary conference order dated July 9, 2012, and later failed to comply with a compliance conference order dated January 8, 2013, directing the production of the same material. The parties entered into a stipulation on May 13, 2013, whereby the defendant agreed to respond to all outstanding discovery
requests by May 28, 2013, with the understanding that "[t]he failure to comply with the terms of this Stipulation, absent a showing of good cause, shall result in . . . a striking of the answer, affirmative defenses, and counterclaims in the case of defendant, on notice to the [Supreme] Court of such noncompliance." The stipulation was later so-ordered by the court.
The defendant produced documents and other discovery responses by the end of May 2013. The plaintiff thereafter moved, inter alia, pursuant to CPLR 3126(3) to strike the defendant's answer on the ground that the responses were incomplete and that the defendant had failed to comply with the terms of the stipulation. In opposition, the defendant maintained that it had timely and substantially complied with the terms of the stipulation. In an order entered October 15, 2013, the Supreme Court denied the motion. The plaintiff moved, inter alia, for leave to renew, and in an order entered February 23, 2015, the court granted that branch of the plaintiff's motion which was for leave to renew, and, upon renewal, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126(3) to strike the defendant's answer. The court found that the defendant had failed to fully and properly comply with the terms of the stipulation, and that the defendant's conduct [*2]was willful and contumacious.
"As public policy strongly favors the resolution of actions on the merits whenever possible, the striking of a party's pleading is a drastic remedy which is warranted only where there has been a clear showing that the failure to comply with discovery is willful and contumacious" (Henry v Datson, 140 AD3d 1120, 1122; see Singer v Riskin, 137 AD3d 999, 1001). "The burden of establishing that a failure or refusal to disclose was the result of willful, deliberate, or contumacious conduct rests with the party seeking an order of preclusion" (Goodman, Rackower & Agiato v Lieberman, 260 AD2d 599, 600; see Singer v Riskin, 137 AD3d at 1001).
Here, the vast majority of the documents and other responses provided by the defendant were not submitted as part of the plaintiff's motion papers, and are not part of the record. The very limited evidence before the Supreme Court was insufficient to establish that the defendant failed to substantially comply with the terms of the stipulation, let alone that any such failure was willful or contumacious (see Singer v Riskin, 137 AD3d at 1001). Accordingly, the court erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 3126(3) to strike the defendant's answer.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court