Averbuch v New York Budget Inn LLC (2019 NY Slip Op 03441)





Averbuch v New York Budget Inn LLC


2019 NY Slip Op 03441


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Singh, JJ.


9197 653343/16

[*1]Yeshaya Averbuch, suing individually and derivatively on behalf of New York Budget Inn LLC, et al., Plaintiffs-Appellants,
v
New York Budget Inn LLC, et al., Defendants, JBJB Associates LLC, et al., Defendants-Respondents.


David E. Schorr, New York, for appellants.
Becker, Glynn, Muffly, Chassin & Hosinski LLP, New York (Andrea Likwornik Weiss of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 10, 2018, which denied plaintiffs' motion for leave to amend the complaint, unanimously affirmed, without costs.
Defendants argue that this appeal should be dismissed on standing grounds, because New York Budget Inn LLC, on whose behalf plaintiff Averbuch seeks to assert claims for conversion and breach of fiduciary duty in connection with certain lease settlement monies, was dissolved on March 20, 2018. However, defendants failed to show that New York Budget Inn's business was completely wound up by the time the motion court addressed plaintiffs' motion for leave to amend (see Singer v Riskin, 137 AD3d 999 [2d Dept 2016], citing Tedesco v A.P. Green Indus., Inc., 8 NY3d 243 [2007]; Limited Liability Company Law § 703[b]).
The motion was properly denied because the proposed claims are palpably devoid of merit, given the terms of the lease agreement at issue and the parties' operating agreement for New York Budget Inn, which together provided that defendant JBJB Associates LLC was the sole lessee of the premises and that New York Budget Inn's payment of the lease security and monthly rent, inter alia, could not operate to confer upon it a lease interest of any type, whether by assignment, sublet, or otherwise (see ID Beauty S.A.S. v Coty Inc. Headquarters, 164 AD3d 1186 [1st Dept 2018]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK