Cooper v Mt. Sinai Hosp. (2022 NY Slip Op 04787)

Cooper v Mt. Sinai Hosp.

2022 NY Slip Op 04787

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-07314
2020-07315
 (Index No. 512486/17)

[*1]Eugene Cooper, appellant,
v
Mt. Sinai Hospital, respondent.

Becker & D'Agostino, P.C., New York, NY (Michael D'Agostino of counsel), for appellant.
Shaub Ahmuty Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone, Lena Holubnyczyj, and Nicholas Tam of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 26, 2020, and (2) a judgment of the same court dated August 18, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3126 to dismiss the complaint for failure to comply with discovery. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, that branch of the defendant's motion which was pursuant to CPLR 3126 to dismiss the complaint for failure to comply with discovery is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 2017, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice. The defendant joined issue and served combined discovery demands. Shortly thereafter, the plaintiff demanded that the defendant produce any Optical Coherence Tomography (hereinafter OCT) images. The parties entered into discovery orders, including an order titled "final pre-note order" in November 2018, requiring the plaintiff to produce certain discovery, to appear for a deposition on or before certain dates, and to file a note of issue by a date certain, and requiring the defendant to produce the OCT images. While the plaintiff produced the required discovery, neither party complied with the remainder of the final pre-note order.
Approximately one year after issuance of the final pre-note order, the defendant moved, inter alia, pursuant to CPLR 3126 to dismiss the complaint for failure to comply with discovery. By order dated June 26, 2020, the Supreme Court granted that branch of the motion, and thereafter entered a judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
Initially, the defendant and the Supreme Court inappropriately relied upon the plaintiff's general delay in prosecuting the action after issuance of the final pre-note order. The defendant's motion was made pursuant to CPLR 3126, pertaining to failures to disclose, not pursuant to CPLR 3216(a), which relates to neglect to prosecute. Significantly, "the courts have no authority to dismiss an action for failure to prosecute, whether on the ground of general delay, or for failure to serve and file a note of issue unless there has first been served a [90-day notice]" (Gatehouse v New York City Hous. Auth., 109 AD3d 457 [internal quotation marks omitted]; see CPLR 3216[b][3]; Chase v Scavuzzo, 87 NY2d 228, 232). Thus, the defendant's and the court's reliance upon the plaintiff's delay in prosecuting the action when determining that branch of the defendant's motion which was pursuant to CPLR 3126 improperly operated to circumvent the 90-day demand requirement of CPLR 3216(b)(3).
In the order directing dismissal, the Supreme Court also improperly referenced the plaintiff's failure to "move to be relieved" of the final pre-note order. The final pre-note order was not a conditional order of dismissal, and thus, the plaintiff was not required to move to be relieved from it (cf. Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d 769).
Pursuant to CPLR 3126(3), "[i]f a party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may make such orders with regard to the failure or refusal as are just," including one dismissing the action. However, "[a]s public policy strongly favors the resolution of actions on the merits whenever possible, the striking of a party's pleading is a drastic remedy which is warranted only where there has been a clear showing that the failure to comply with discovery is willful and contumacious" (Henry v Datson, 140 AD3d 1120, 1122; see Gelin v New York City Tr. Auth., 189 AD3d 789, 792).
Here, although the defendant contends otherwise, the plaintiff complied with all of its discovery demands, except for scheduling his deposition. For the defendant's part, while it advised the plaintiff that no OCT scan had been performed by it on a certain date, there is no evidence that, before making its motion to dismiss, it produced OCT images from a date on which such testing had been performed. Under the circumstances, the defendant failed to make a clear showing of willful and contumacious conduct on the plaintiff's part so as to warrant the drastic sanction of dismissal (see Abdourahamane v Pub. Stor. Institutional Fund III, 190 AD3d 666, 667; Nunez v Long Is. Jewish Med. Ctr. Ctr.-Schneider Children's Hosp., 82 AD3d 724, 725; cf. Gutierrez v Good Bar, LLC, 203 AD3d 803; De Leo v State-Whitehall Co., 126 AD3d 750, 752; JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs., 119 AD3d 903; see also Henry v Datson, 140 AD3d at 1122). Accordingly, that branch of the defendant's motion which was to dismiss the complaint should have been denied.
DUFFY, J.P., IANNACCI, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court