Finely v ZSN, LLC (2023 NY Slip Op 06122)

Finely v ZSN, LLC

2023 NY Slip Op 06122

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-00409
 (Index No. 715089/16)

[*1]Lethore K. Finely, appellant, 
v
ZSN, LLC, respondent, et al., defendant.

Bamundo Zwal Schermerhorn & Caffrey LLP, New York, NY (Michael C. Zwal of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (James Anthony Wolff of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated December 6, 2021. The order denied the plaintiff's motion, inter alia, pursuant to CPLR 3126 to resolve the issue of whether the defendant ZSN, LLC, owned the premises abutting the portion of the sidewalk at issue, in his favor.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries, alleging that he tripped and fell on a defective sidewalk abutting premises owned by the defendant ZSN, LLC (hereinafter the defendant). The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion. The defendant thereafter moved for leave to renew its motion for summary judgment on the basis that it recently discovered, for the first time, that the allegedly defective sidewalk that caused the plaintiff's fall did not abut its premises. The plaintiff moved pursuant to CPLR 3126 to preclude the defendant from proffering evidence at trial to establish that the alleged sidewalk defect did not abut its premises, under the theory that disclosure was untimely.
In an order dated June 30, 2020, the Supreme Court denied the defendant's motion for leave to renew, determining that it had failed to provide a reasonable justification for not submitting the new evidence in support of its initial motion for summary judgment, or to explain why information regarding ownership of the abutting premises had not been discovered previously. The Supreme Court also denied the plaintiff's motion to preclude as moot due to the delays in commencing the trial, and, in effect, directed the plaintiff to bring any further preclusion motions it may have, based on reasons other than failure to timely disclose, at the start of trial. The plaintiff thereafter filed a motion, inter alia, pursuant to CPLR 3126 to resolve the issue of whether the defendant owned the premises abutting the portion of the sidewalk at issue, in his favor. In an order dated December 6, 2021, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A court is authorized to impose sanctions, including the dismissal of an action, when [*2]a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed pursuant to [CPLR article 31]'" (Follors v TI Ozone Park Stor., LLC, 209 AD3d 843, 845, quoting CPLR 3126). "Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct" (L.K. v City of New York, 210 AD3d 753, 753 [internal quotation marks omitted]). "The determination whether to strike a pleading or to preclude evidence for failure to comply with court-ordered disclosure lies within the sound discretion of the court" (Palmieri v Piano Exch., Inc., 124 AD3d 611, 612; see U.S. Bank N.A. v Hadar, 206 AD3d 688, 690).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to resolve the issue of whether the defendant owned the premises abutting the portion of the sidewalk at issue in his favor because he failed to make a clear showing that the defendant willfully or contumaciously disobeyed a discovery order or acted in bad faith (see Rojas v Hazzard, 171 AD3d 819, 820; 1523 Real Estate, Inc. v East Atl. Props., LLC, 41 AD3d 567, 568). Contrary to the plaintiff's contention, this determination did not violate the doctrine of the law of the case, as the Supreme Court's prior order dated June 30, 2020, did not address whether sanctions were appropriate under CPLR 3126 or determine that the defendant had acted willfully, contumaciously, or in bad faith (see Cohen v Cohen, 179 AD3d 1012, 1014).
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court