## Plana v United Christian Evangelistic Assn.

2025 NY Slip Op 31740(U)

May 13, 2025

Supreme Court, New York County

Docket Number: Index No. 157354/2020

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**                    PART                          05M

                        *Justice*

-------------------------------------------------------------------------------X

DIONISIA PLANA,                                       INDEX NO.            157354/2020

                        Plaintiff,                    MOTION DATE            N/A

                    - v -                             MOTION SEQ. NO.        008

UNITED CHRISTIAN EVANGELISTIC ASSOCIATION,
UNITED PALACE OF CULTURAL ARTS, INC.,UNITED
PALACE OF SPIRITUAL ARTS, INC.,WASHINGTON            **DECISION + ORDER ON**
HEIGHTS AND INWOOD DEVELOPMENT CORPORATION,              **MOTION**
CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF
TRANSPORTATION

                        Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 266, 267, 268, 269,
270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290,
291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311,
312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326

were read on this motion to                          STRIKE PLEADINGS                          .

Plaintiff Dionisia Plana ("Plaintiff") moves to strike the answer of Defendants City of New
York and New York City Department of Transportation ("City") pursuant to CPLR § 3126 on the
ground that the City willfully and contumaciously failed to comply with this court's discovery
orders—most notably the Decision and Order dated April 3, 2024 (NYSCEF 180)—and thereby
prejudiced Plaintiff's prosecution of her negligence action.

## BACKGROUND AND PROCEDURAL HISTORY

On the morning of March 19, 2019, Plaintiff was traversing the Plaza de las Americas, a
pedestrian thoroughfare adjacent to 651 West 175th Street in Washington Heights, when she
allegedly tripped over a misaligned paver and was propelled face-first onto the concrete.
According to her supplemental bill of particulars, she sustained severe injuries to her cervical and
lumbar spine, bilateral shoulders, left hand and knee, and required an advanced phenopalatine
ganglion nerve block procedure to alleviate chronic headaches. In January 2020, Plaintiff's
counsel received notice that Medicaid had imposed a lien of $5,923.83 (and continuing) on her
medical bills; she may also qualify for Medicare coverage.

Plaintiff commenced this negligence action against the United Christian Evangelistic
Association and related property owners, later adding the City of New York and the New York
City Department of Transportation ("City") on the theory that, as co-owners or custodians of the

plaza's sidewalks and pedestrian ramps, they shared responsibility for inspecting, maintaining and repairing the defective surface. Discovery proved protracted and contentious. On April 3, 2024, after multiple motions to compel, this court issued a decision and order directing the City, within sixty days, to produce all records and e-mail correspondence—dating back two years—that bore on the plaza's condition, design, installation and maintenance (NYSCEF 180). Thereafter, Plaintiff sought leave to take additional examinations before trial of certain Unified defendants, which was denied, and filed a first motion to strike the City's Answer on June 4, 2024—denied for lack of prior leave. At a conference on October 1, 2024, Plaintiff secured leave to renew her motion to strike, leading to the present application filed January 21, 2025.

Throughout six scheduled conferences following the April 3 Order, the parties attempted—but, according to the City, failed—to resolve outstanding discovery disputes. The crux of those disputes centers on whether the City has indeed produced every e-mail referencing the plaza's depressions, as testified to by a Washington Heights witness, Mr. Dart Westphal, and whether the City's searches properly encompassed the entire plaza rather than solely the pedestrian ramp where Plaintiff ultimately fell. Plaintiff also complains that the City's delay in producing DOT employee William "Sam" Wynn for examination has prejudiced her ability to secure his testimony.

## ARGUMENTS

Plaintiff's application to strike contends that, notwithstanding this court's clear directive to produce two years of condition-and-correspondence records (NYSCEF 180), the City's cumulative production of approximately 900 pages contains no e-mail communications between Mr. Westphal and Mr. Wynn—or indeed any DOT personnel—regarding the very ruts and depressions that precipitated her fall. She points to Mr. Westphal's deposition testimony that he repeatedly alerted Mr. Wynn to these defects (Rubin Aff. ¶50–52) and highlights that the City's sworn search affidavit identifies only in-and-out queries between those two individuals, rather than the broader universe of communications she had demanded among Washington Heights, the DOT and all its relevant employees. Plaintiff further argues that the City confined its search to pedestrian-ramp documents, ignoring the remainder of the plaza notwithstanding her Supplemental Bill of Particulars' specification of the accident site. The late disclosure of additional records in opposition papers, she asserts, reveals yet more non-compliance, and the City's inability—or unwillingness—to secure Mr. Wynn's deposition despite a valid subpoena, has irreparably prejudiced her case.

In response, the City maintains that it has complied in good faith with every aspect of the April 3 decision. It marshaled three court-ordered productions—first on May 31, 2024, promptly supplemented twice—to furnish every responsive contract, inspection report, complaint, permit, maintenance log and e-mail in its Public Realm Unit files for the Plaza de las Americas. In particular, the City performed exhaustive electronic searches for any e-mail containing either of Mr. Westphal's two known addresses in any field, thereby encompassing all communications among Westphal, Wynn and any other DOT staff over the two-year period. An additional affirmation from Mr. Kyle Gorman, Assistant Director of DOT's Public Realm Unit, attests that no further records of complaints, repairs or maintenance exist in the ordinary course of business. With respect to Mr. Wynn, the City produced his last known address in compliance with the Court's order but lacks the authority to compel a former employee's appearance. Finally, the City

emphasizes that Plaintiff repeatedly declined to engage in substantive meet-and-confer efforts—despite six scheduled conferences—and thus failed to preserve any good-faith basis for seeking the "ultimate sanction" of striking its Answer.

## DISCUSSION

Striking a defendant's pleading is the "most drastic of all sanctions," reserved for situations in which a party's failure to comply with discovery orders is "willful, contumacious or in bad faith" and where that misconduct has "prejudiced the other side's ability to proceed" (*Mew v. Civitano*, 151 AD3d 840, 841 [2d Dept 2017]; *see also Mears v. Long*, 149 AD3d 823, 823–24 [2d Dept 2017]). Here, Plaintiff's motion must be measured against these exacting standards. In the absence of any evidence that the City deliberately refused to search for or disclose the documents ordered, or that it engaged in contumacious obstruction, the motion to strike cannot be granted.

The City's sworn submissions establish that it undertook multiple, conscientious searches of all relevant DOT records. In accordance with the April 3, 2024 Order, the City served its first comprehensive response within 60 days—on May 31, 2024—and thereafter supplemented that response twice more. Each production was accompanied by detailed affidavits specifying the databases queried, the time frames covered and the precise search terms employed (*see* Yurek Aff. ¶25; Boles Aff.; 2nd Boles Aff.). Notably, the City's March 25, 2025 response demonstrates that every e-mail containing either of Mr. Westphal's two known addresses—in the sender, recipient or copy fields—was captured and produced, thereby satisfying Plaintiff's demand for "all written communications" between Washington Heights and any DOT personnel (Exhibit O). An additional affirmation from DOT's Public Realm Unit confirms under penalty of perjury that no further contracts, complaints, inspection logs or maintenance records exist in the ordinary course of business (NYSCEF 320). Absent any hint of spoliation or evasive tactics, these thorough efforts belie any claim of willfulness or bad faith.

Nor has Plaintiff shown prejudice sufficient to warrant the erasure of the City's pleading. To support such a sanction, a moving party must demonstrate that its opponent's conduct "reaped an unfair advantage in the litigation," such as the disappearance of unique evidence or the complete derailing of deposition testimony (*Valdemirian De Los Santos v. Polanco*, 21 AD3d 397, 398 [2d Dept 2005]). Here, the only purportedly "missing" witness—DOT employee William "Sam" Wynn—was made available in the form of his last known address, as required by the court, and his non-appearance is a matter solely within Plaintiff's control once he became a non-employee. Moreover, Plaintiff offers no objective basis to conclude that any particular e-mail must exist; mere conjecture that Mr. Westphal "must have" complained to someone beyond Mr. Wynn does not transform a good-faith search into contumacious concealment.

Finally, Plaintiff's disregard of the meet-and-confer requirements further undermines her entitlement to relief. Uniform Civil Rule 202.20-f(b) and CPLR § 202.7(c) compel parties to resolve discovery disputes by telephonic or in-person conference before resorting to motion practice, and to recite with specificity their efforts and any responses received. The City's uncontested affidavit that Plaintiff declined to engage in six such conferences, without ever identifying a single substantive proposal or counter-search, demonstrates that this strike motion is

157354/2020   PLANA, DIONISIA vs. UNITED CHRISTIAN
Motion No.  008

Page 3 of 4

3 of 4

[* 3]

not the product of genuine discovery impasse but rather a punitive gambit (Yurek Aff. ¶30). Under these circumstances, the court cannot conclude that the City's conduct warrants the "ultimate sanction" of striking its answer.

In sum, under CPLR § 3126, striking a pleading is reserved for truly egregious discovery misconduct. Here, the City repeatedly complied with every court directive, conducted exhaustive searches, and provided sworn proofs of non-existence. Plaintiff's motion—filed only after leave was granted—fails to demonstrate any deliberate refusal or prejudice justifying the striking of the City's answer.

Accordingly, it is hereby

ORDERED that Plaintiff's motion to strike the City's answer is denied in all respects; and it is further

ORDERED that the parties appear for an in-person settlement conference on August 12, 2025 at 2:15 PM in Room 320, 80 Centre Street, New York, NY. All counsel must attend with full authority and familiarity with the case; clients may attend in-person or participate by phone (in-person attendance is preferred).

This constitutes the decision and order of the court.

20250513144932HKINGOE7A7FA85E0D54ADBB3BB59B7C0D456EF

**5/13/2025**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

157354/2020  PLANA, DIONISIA vs. UNITED CHRISTIAN
Motion No. 008

Page 4 of 4

[* 4]