Williams v Staten Is. Univ. Hosp. (2025 NY Slip Op 04814)

Williams v Staten Is. Univ. Hosp.

2025 NY Slip Op 04814

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-01818
 (Index No. 2935/11)

[*1]Patrick Williams, etc., appellant, 
v
Staten Island University Hospital, et al., respondents.

G. Wesley Simpson P.C., Brooklyn, NY, for appellant.
Shaub Ahmuty Citrin & Spratt, Lake Success, NY (Christopher Simone, Timothy Gallagher, and Anne Conte of counsel), for respondents Staten Island University Hospital, Chadi Saifan, and Frank Tarantini.
Vaslas Lepowsky & Hauss LLP, Staten Island, NY (Karen Hauss of counsel), for respondents Staten Island Rehabilitation Medicine, P.C., and Mohamed Elessawy.
Amabile & Erman, P.C., Staten Island, NY (Charles A. Franchini of counsel), for respondent Ralph Ciccone.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 20, 2022. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answers or preclude them from offering evidence at trial.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff, individually and as administrator of his wife's estate, commenced this action against the defendant Staten Island University Hospital (hereinafter SIUH), among others, inter alia, to recover damages for medical malpractice and wrongful death in connection with treatment provided to his wife. During discovery, the plaintiff moved pursuant to CPLR 3126 to strike the answer of SIUH or preclude that defendant from offering evidence at trial for failure to comply with an order dated August 24, 2022, requiring it to produce a witness for a deposition, and, additionally, to strike the answers of all of the defendants or preclude them from offering evidence at trial for failure to comply with a discovery demand dated December 6, 2019. By order dated December 20, 2022, the Supreme Court, among other things, denied the motion. The plaintiff appeals.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019, quoting CPLR [*2]3126; see Borchkhadze v McMahon, 235 AD3d 944). "The determination whether to strike a pleading or to preclude evidence for failure to comply with court-ordered disclosure lies within the sound discretion of the court" (Palmieri v Piano Exch., Inc., 124 AD3d 611, 612; see Finely v ZSN, LLC, 221 AD3d 970, 971). However, "[a]s public policy strongly favors the resolution of actions on the merits whenever possible, the striking of a party's pleading is a drastic remedy which is warranted only where there has been a clear showing that the failure to comply with discovery is willful and contumacious" (Henry v Datson, 140 AD3d 1120, 1122; see Cyngiel v Krigsman, 224 AD3d 875, 877).
Here, the plaintiff failed to make a clear showing that the defendants willfully or contumaciously disobeyed a discovery order or acted in bad faith (see Finely v ZSN, LLC, 221 AD3d at 971; Henry v Datson, 140 AD3d at 1122). Moreover, contrary to the plaintiff's contention, the August 24, 2022 order was not a conditional order of preclusion. "A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (White v Bical Dev., Inc., 229 AD3d 586, 587 [internal quotation marks omitted]; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79). "When a litigant fails to comply with the terms of a conditional order of preclusion, the terms of that order become absolute" (White v Bical Dev., Inc., 229 AD3d at 587 [internal quotation marks omitted]). Here, the August 24, 2022 order advised that the failure to strictly comply would result in "preclusion, the striking of a pleading and/or sanctions as may be appropriate" (emphasis added), thus indicating that a further determination as to the imposition of any sanctions was required. Since the August 24, 2022 order was not a conditional order of preclusion, the defendants were not required to move to be relieved from it (see Cooper v Mt. Sinai Hosp., 208 AD3d 453, 454).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answers or preclude them from offering evidence at trial.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.

2023-01818 DECISION & ORDER ON MOTION
Patrick Williams, etc., appellant, v Staten Island
University Hospital, et al., respondents.
(Index No. 2935/11)

Appeal from an order of the Supreme Court, Kings County, dated December 20, 2022. Motion by the respondents Staten Island University Hospital, Chadi Saifan, and Frank Tarantini, inter alia, to dismiss the appeal from so much of the order as denied that branch of the appellant's motion which was to strike the answer of Staten Island University Hospital for failure to appear at a scheduled deposition on the ground that it has been rendered academic. By decision and order on motion of this Court dated July 15, 2024, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal from so [*3]much of the order as denied that branch of the appellant's motion which was to strike the answer of Staten Island University Hospital for failure to appear at a scheduled deposition is denied.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court