Gonzalez v City of New York

2026 NY Slip Op 03148

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Patricio Gonzalez, appellant,

v

City of New York, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-11863, (Index No. 704962/20)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Janice A. Taylor

James P. McCormack, JJ.

Shimko Law P.C., Brooklyn, NY (Daniel Shimko of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Tahirih M. Sadrieh and Diana Lawless of counsel), for respondents City of New York and New York City Department of Environmental Protection.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered September 17, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when a vehicle he was operating was struck by a vehicle owned by the defendant New York City Department of Environmental Protection (hereinafter DEP) and operated by the defendant Michael Cedrick Ross. The plaintiff commenced this personal injury action against DEP, Ross, and the defendant City of New York. After the defendants repeatedly delayed and failed to produce Ross for a deposition, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to preclude them from offering any evidence at trial or, in the alternative, to compel them to produce Ross for a deposition. In an order entered September 17, 2024, the Supreme Court granted the motion to the extent of directing the defendants to produce Ross for a deposition on or before a certain date and directing that the failure to do so shall result in the defendants being precluded from presenting any affidavits, evidence, or testimony in support of or opposition to any dispositive motion or at the time of trial on the issue of liability, and otherwise denied the motion. The plaintiff appeals from so much of the order as denied that branch of his motion which was to strike the defendants' answer.

Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed." The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is within the broad discretion of the motion court (see Farrell v Keldiyarov, 234 AD3d 933, 934; Ferjuste v 437 BMW, LLC, 219 AD3d 1308, 1309). "As public policy strongly favors the resolution of actions on the merits whenever possible, the striking of a party's pleading is a drastic remedy which is warranted only where there has been a clear showing that the failure to comply with discovery is willful and contumacious" (Henry v Datson, 140 AD3d 1120, 1122; see Williams v [*2]Staten Is. Univ. Hosp., 241 AD3d 989, 990). "Willful and contumacious conduct may be inferred from a party's conduct, such as by the repeated failure to comply with court-ordered discovery coupled with an inadequate explanation for the failure to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Tyson v Diallo, 238 AD3d 932, 934 [internal quotation marks omitted]; see Mew v Civitano, 151 AD3d 840, 841).

Here, although the defendants repeatedly delayed with respect to the deposition of Ross, under the circumstances of this case, including that Ross no longer worked for DEP and counsel for the defendants had been unable to locate him, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer (see C.M. v City of New York, 242 AD3d 733, 734; Henry v Datson, 140 AD3d at 1122).

BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court